IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHRISTOPHER N. QUEEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2067-KHV |
| | ) | |
| **PHILLIPS 66 CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the <u>Motion For Reconsideration Of District Judge Kathryn Vratil's May 3, 2023 Order Adopting The Magistrate's Report And Recommendation And Dismissing 23-2067-KHV-ADM, As Abuse of Discretion, As Plain Error Of Fact And Law The June 3, 2002 Judgement [sic] (0203236) Is Void, Per Due Process Violation On A Point Of United States Law Under The Compact Clause, And Also Dismissed On September 20, 2002, As Objectively Evidenced And No Order Removing Case From Dismisal [sic] List 02LA03236 Appears In That Jonhson [sic] County Record</u> (Doc. #15) which plaintiff filed May 12, 2023.

The Federal Rules of Civil Procedure do not recognize motions to reconsider. <u>Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.</u>, 52 F.3d 858, 861 (10th Cir. 1995). As a result, the Court typically construes any self-styled motion to reconsider a dispositive order or judgment as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. <u>United States v. Gaskin</u>, No. 97-2282, 1998 WL 208866, at *2, 145 F.3d 1347 (Table) (10th Cir. 1998) (citing <u>Hawkins v. Evans</u>, 64 F.3d 543, 546 (10th Cir. 1995)). Because plaintiff filed the motion within 28 days of the judgment, the Court construes it as a Rule 59(e) motion to alter or amend judgment. A party seeking to alter or amend a judgment pursuant to

Rule 59(e) must establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.  Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996).

The Court has carefully studied plaintiff's motion and exhibits, which total 103 pages, and finds no basis on which reconsideration would be appropriate.  Plaintiff does not cite an intervening change in the controlling law or the availability of new evidence that could not have been obtained previously through the exercise of due diligence.  In fact, plaintiff's motion for reconsideration constitutes re-argument of facts and law which were previously presented and held to be insufficient under Rule 12(b)(6), Fed. R. Civ. P.  Plaintiff's motion hinges on the need to correct clear error or prevent manifest injustice.

Having re-examined the record, the Court is convinced that its order of dismissal was not clearly erroneous.  And although the Tenth Circuit Court of Appeals has not specifically defined "manifest injustice" in the Rule 59(e) context, other courts have defined manifest injustice as more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.  Thymes v. Verizon Wireless, Inc., No. CV 16-66 KG/WPL, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (citations omitted).  Given the allegations of plaintiff's complaint, in light of his legal theories, the Court finds that reconsideration is not necessary to prevent manifest injustice.

**IT IS THEREFORE ORDERED** that the Motion For Reconsideration Of District Judge Kathryn Vratil's May 3, 2023 Order Adopting The Magistrate's Report And Recommendation

<u>And Dismissing 23-2067-KHV-ADM, As Abuse of Discretion, As Plain Error Of Fact And Law The June 3, 2002 Judgement [sic] (0203236) Is Void, Per Due Process Violation On A Point Of United States Law Under The Compact Clause And Also Dismissed On September 20, 2002, As Objectively Evidenced And No Order Removing Case From Dismisal [sic] List 02LA03236 Appears In That Jonhson [sic] County Record</u> (Doc. #15) which plaintiff filed May 12, 2023, is **OVERRULED**.

Dated this 7th day of June, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge