IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER N. QUEEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 23-2067-KHV** |
| **PHILLIPS 66 CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's <u>In Re: Case 2:2023cv02067 Plain Errors Of Facts And Law, All Decisions Of The Federal Magistrate And District Judge Are Void Nullity Per Underlying Void Nullity 02LA03236, Per United States Bankruptcy Order Of Chief Judge Nugent An Injunction At 11 U.S.C. § 524(a) On January 7, 2002 Discharge Of The Phillips 66 Debt In 01-14021</u> (Doc. #17) filed January 9, 2024, which the Court construes as a motion to recuse and to set aside the judgment under Rule 60(b), Fed. R. Civ. P.[1]  For the reasons stated below, the Court overrules plaintiff's motion.

**I.    Motion To Recuse**

Plaintiff requests that the undersigned judge and Magistrate Judge Angel D. Mitchell recuse themselves from this case.  The appropriate bases for recusal are set forth in 28 U.S.C. §§ 144 and 455.  The Court exercises discretion in deciding whether to recuse.  <u>Weatherhead v. Globe Int'l, Inc.</u>, 832 F.2d 1226, 1227 (10th Cir. 1987).

Under Section 144, a district judge must recuse herself "[w]henever a party to any

---

[1] Defendants did not respond to plaintiff's motion.  Pursuant to District of Kansas Local Rule 7.1(c), the Court considers and decides this motion as uncontested.

proceeding in a district court makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Plaintiff has not filed an affidavit, let alone one which details any personal bias or prejudice on the part of the undersigned judge or Judge Mitchell. For this reason alone, recusal is not warranted under Section 144. See Edmond v. Athlete's Foot Group, 15 F. App'x. 738, 740 n.2 (10th Cir. 2001) (recusal not warranted under Section 144 where party seeking recusal does not file affidavit).

Under Section 455(a), a district judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for disqualification is whether a reasonable person, knowing all relevant facts, would harbor doubts about the judge's impartiality. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Section 455(a) does not mandate recusal on the "merest unsubstantiated suggestion of personal bias or prejudice," and is not intended to give litigants a veto power over sitting judges or a means of judge shopping. Id. In this case, recusal is not appropriate. Plaintiff has not demonstrated that a reasonable person would question the impartiality of the undersigned judge or Judge Mitchell. Further, plaintiff does not even allege partiality or an appearance of partiality on the part of either judge. Plaintiff has not shown anything which calls into question the Court's willingness and ability to fairly resolve this case; rather, he merely asserts that both judges issued erroneous rulings of fact and law. A motion for recusal is the not the appropriate vehicle for such assertions.

The Tenth Circuit recognizes that district judges have a strong duty to adjudicate cases assigned to them where no legitimate basis for recusal exists. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Under these circumstances, the Court finds no legitimate basis for recusal. Plaintiff's motion for recusal is therefore overruled.

**II.     Motion To Set Aside**

Plaintiff asks that the Court set aside this case, which would allow him to file a new case in another district court. The Court previously overruled plaintiff's motion to reconsider, which it construed as a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P. See Memorandum And Order (Doc. #16) filed June 7, 2023. Because plaintiff did not file the present motion within 28 days of entry of the judgment, the Court construes his request as a motion for relief from the judgment pursuant to Rule 60(b), Fed. R. Civ. P.

Under Rule 60(b), the Court has discretion to grant or deny a motion to vacate judgment. See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Like a motion to alter or amend judgment under Rule 59(e), a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, rehash arguments or dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To the extent that plaintiff argues for relief based on fraud, misrepresentation or

misconduct of an opposing party, the Court overrules his motion. Plaintiff bases his allegations of fraud on conduct which occurred some 20 years ago in Johnson County litigation.[2] Plaintiff cannot now re-litigate these matters. He does not allege that fraud occurred in the present case. Accordingly, the Court overrules his motion for relief on this ground.

To the extent that plaintiff argues for relief on the ground that the judgment is void, the Court overrules his motion. For a judgment to be void, the Court must have had no power to enter it, because it lacked jurisdiction, plainly usurped power or acted inconsistent with due process of law. V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224–25 (10th Cir. 1979). Plaintiff raises none of these arguments. Rather, he argues that because the Johnson County judgment is void, so too is this one. This reasoning cannot serve as a basis to vacate the judgment entered in this case. Because the Court acted within its power to enter judgment, the Court also overrules plaintiff's motion for relief on this ground.

**IT IS THEREFORE ORDERED** that plaintiff's In Re: Case 2:2023cv02067 Plain Errors Of Facts And Law, All Decisions Of The Federal Magistrate And District Judge Are Void Nullity Per Underlying Void Nullity 02LA03236, Per United States Bankruptcy Order Of Chief Judge Nugent An Injunction At 11 U.S.C. § 524(a) On January 7, 2002 Discharge Of The Phillips 66 Debt In 01-14021 (Doc. #17) filed January 9, 2024, which the Court construes as a motion to recuse and to set aside the judgment under Rule 60(b), Fed. R. Civ. P., is **OVERRULED.**

Dated this 18th day of March, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] In March of 2002, Phillips 66 filed suit against plaintiff in the District Court of Johnson County, Kansas, Case No. 02-LA-03236. Since then, plaintiff has continuously claimed that the judgment entered in that case is void because of fraudulent conduct by associated attorneys and judges.